# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**BARRY N.,**
**Petitioner Below, Petitioner**

**FILED**
**March 6, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-218** (Fam. Ct. Kanawha Cnty. No. 22-D-21)

**DOROTHY C.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Barry N.[1] appeals the Family Court of Kanawha County's Final Order of Allocation dated September 29, 2022. In the final order, the family court designated Barry N. as the primary residential parent of the parties' minor child and granted Barry N. the majority of parenting time with the minor child. However, Barry N. appeals the family court's order on the basis that he disagrees with certain factual findings in the order and is concerned that they could be utilized to his detriment in the future. Dorothy C. did not file a response brief.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no abuse of discretion. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Barry N. and Dorothy C. are the parents of a minor child, H.N. The parties were never married. The parties lived together in Kanawha County from December of 2015 until December 15, 2021, when Dorothy C. moved to Florida with H.N., allegedly due to abusive behavior by Barry N.

On January 11, 2022, Barry N. filed his petition for allocation of custodial responsibility and request for emergency hearing. On March 1, 2022, Barry N. filed his amended petition for custodial responsibility. Dorothy C. was served via publication

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last names by the first initials. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Barry N. is represented by Erica Lord, Esq. Dorothy C. has not made an appearance on appeal.

pursuant to the family court's order. A hearing was held on April 14, 2022. Barry N. appeared for the hearing, but Dorothy C. did not. On April 19, 2022, the family court entered its Final Order Establishing Paternity and Allocating Custodial Responsibility. In that order, the family court adjudicated Barry N. to be the father of H.N., made Barry N. the primary custodial parent of H.N. with Dorothy C. having parenting time only at his discretion, and ordered that H.N. be immediately returned to the State of West Virginia.

On June 27, 2022, Dorothy C. filed a motion for reconsideration of the family court's Final Order Establishing Paternity and Allocating Custodial Responsibility. In the motion, Dorothy C. sought to have the family court hold its Final Order Establishing Paternity and Allocating Custodial Responsibility in abeyance pending a full evidentiary hearing. On July 19, 2022, Barry N. responded to the motion for reconsideration. He filed an amended response on August 3, 2022. The family court set a hearing on the motion to reconsider for September 6, 2022. However, at the September 6, 2022, hearing, the family court addressed a petition for a domestic violence protective order that had been filed by Dorothy C. against Barry N. At the September 6, 2022, hearing, the family court ordered that the hearing on the motion for reconsideration would be continued to September 16, 2022.

Following the September 16, 2022, hearing, the family court entered its Final Order of Allocation. In that order, the family court designated Barry N. as the primary residential parent and awarded him the majority of parenting time.

Our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-IA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

Despite prevailing below, Barry N. now appeals the family court's final order, an order drafted by his counsel, on the basis that the order contained certain findings of fact that he disagrees with and alleges could be used to his detriment in future proceedings. Specifically, Barry N. appeals the findings that Dorothy C. gained credibility by teaching H.N. sign language and by having him vaccinated, that Barry N. was controlling but not abusive, and that Dorothy C. was not neglectful to H.N.

After a review of the record, we find that even assuming for the purposes of argument, that the findings complained of were erroneous, they were, at most, harmless error because Barry N. fails to show that he suffered prejudice or that his substantial rights were adversely affected by any of the family court's findings. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error).[3]

Accordingly, we affirm.

Affirmed.

**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[3] Having reviewed the record, we conclude that this appeal is a waste of judicial resources. Barry N. has not asked for more parenting time, or that any restrictions or conditions be placed on Dorothy C.'s visitation, or that her child support obligation, which was set at $0.00, be increased.